UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.

Etian Torres
and Pablo Ramos,

    Plaintiff,

vs.

Techno Piling LLC
and Matias Georget

    Defendants.
_____/

## COMPLAINT

Plaintiffs, Etian Torres and Pablo Ramos ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, Techno Piling LLC and Matias Georget ("Defendant"), and in support thereof avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $75,000, excluding attorneys' fees or costs, for unpaid wages and retaliation under the Fair Labor Standards Act, and The Fair Labor Standards Act (FLSA) and common law breach of contract.

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Defendant Techno Piling LLC are an enterprise authorized to conduct business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

4. Defendant Matias Georget is a corporate officer of, and exercised operational control over the activities of corporate Defendant, Techno Piling LLC

5. Declaratory, injunctive, legal and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

6. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. Mr. Torres was an employee of Techno from July 12, 2023, to December 31, 2023, as a hydraulic drill operator.

8. Mr. Torres used to work approximately seventy (52) hours per week.

9. Mr. Torres was paid $40.00 per hour and worked approximately three hundred (300) overtime hours during the period from July 12, 2023, to December 31, 2023.

10. Mr. Torres was paid the regular rate and not the appropriate one-and-one-half rate required by the FLSA for overtime hours worked.

11. Mr. Torres is owed approximately Six Thousand ($6,000.00) in unpaid overtime wages by Techno.

12. The FLSA authorizes liquidated damages, bringing the value of the unpaid wage to Twelve Thousand ($12,000.00).

13. As per the contract streaming between the parties, Mr. Torres was contracted as a hydraulic drill operator for one year, however, on December 31, 2023, Techno broke the existing contract and informed Mr. Torres that his services would no longer be needed.

14. Furthermore, Techno invoked false motives such as poor performance and breaches related to Mr. Ramos' role to justify said breach of contract.

15. Therefore, Techno owes Mr. Torres a total of Sixty-three Thousand Eight Hundred ($63,800.00), corresponding to the rest of the year (27,5 weeks) from January 1, 2024, to

July 12, 2024, a period during which Mr. Torres should remain an employee, as established in the contract.

16. Mr. Ramos was an employee of Techno from July 12, 2023, to December 12, 2023, as a concrete pump operator.

17. Mr. Ramos used to work approximately seventy (51) hours per week.

18. Mr. Ramos was paid $23.00 per hour and worked approximately three hundred (300) overtime hours during the period from July 12, 2023, to December 12, 2023.

19. Mr. Ramos was paid the regular rate and not the appropriate one-and-one-half rate required by the FLSA for overtime hours worked.

20. Mr. Ramos is owed approximately Three Thousand Four Hundred Fifteen and Fifty Cents ($3,415.50) in unpaid overtime wages by Techno.

21. The FLSA authorizes liquidated damages, bringing the value of the unpaid wage to Six Thousand Eight Hundred Thirty-One ($6,831.00)

22. On the other hand, as per the contract streaming between the parties, Mr. Ramos was contracted as a concrete pump operator for one year, however, on December 12, 2023, Techno broke the existing contract and informed Mr. Ramos that his services would no longer be needed.

23. Furthermore, Techno invoked false motives such as poor performance and breaches related to Mr. Ramos' duties to justify said breach of contract.

24. Therefore, Techno owes Mr. Ramos a total of Thirty-Eight Thousand Nine Hundred Eighty-Five ($38,985.00), corresponding to the rest of the year (30 weeks) from December 13, 2023, to July 11, 2024, a period during which Mr. Ramos should remain an employee, as established in the contract.

25. At all times material hereto, Defendants had or should have had full knowledge of all hours worked by Plaintiff.

26. Plaintiff worked numerous hours for which he was not properly compensated, including those hours worked in excess of forty in a given workweek.

## COUNT I
### *Wage & Hour Federal Statutory Violation against Techno Piling LLC*

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 7 through 26 of this complaint as if set out in full herein.

28. This action is brought by Plaintiff to recover from the Defendants unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

29. At all times pertinent to this Complaint, Defendants had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

30. Upon information and belief, at all times material hereto, Defendants' annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

31. By reason of the foregoing, the Defendants are and were, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendants' business activities involve those to which the FLSA applies. The Plaintiff's work for the Defendants likewise affects interstate commerce.

32. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

33. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendants:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and unpaid overtime wage compensation for hours worked in excess of forty (40) each week, with interest;

C. Award Plaintiffs an equal amount in double damages/liquidated damages;

D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
*Wage & Hour Federal Statutory Violation against Matias Georget*

34. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 7 through 26

of this complaint as if set out in full herein.

35. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendants Techno Piling LLC.

36. Defendants were an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of Defendants employer in relation to the employees of Defendant employers, including Plaintiffs.

37. As corporate officers, Defendants possessed the authority to make financial and other employment-related decisions on behalf of the corporation including, but not limited to, those decisions regarding the hiring and firing of employees, classification of employees, assignment of work duties, and payment of wages. Defendants had operational control of the business and is thus jointly liable for Plaintiff's damages.

38. Defendants willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendants:

A. Adjudge and decree that Defendants has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

## COUNT IV
*Breach of Agreement*
*Against Techno Piling LLC.*

39. Plaintiffs re-adopts each and every factual allegation as stated in paragraphs 7 through 26 of this complaint as if set out in full herein.

40. In or around December 31, 2023, Defendant started breaching its agreements with Plaintiffs by failing to abide by the terms set forth therein and failing to pay Plaintiffs.

41. Plaintiffs suffered damages as a result of Defendant's breach of said agreement.

WHEREFORE, Plaintiffs seek damages from Defendant for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper. Plaintiffs request a trial by jury.


## JURY DEMAND

Plaintiffs demands trial by jury of all issues triable as of right by jury.


Dated: January 22, 2025                Respectfully submitted,


/s/ Elvis J. Adan
Elvis J. Adan, Esq.
Fla. Bar No.: 24223
GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000